**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0800-20

STATE OF NEW JERSEY,

       Plaintiff-Appellant,

v.

W.C.,

       Defendant-Respondent.

_____

<table>
<tr><td>

**APPROVED FOR PUBLICATION**

**June 24, 2021**

**APPELLATE DIVISION**

</td></tr>
</table>

Argued April 28, 2021 – Decided June 24, 2021

Before Judges Accurso, Vernoia and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FO-08-0264-20.

Douglas B. Pagenkopf, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for appellant (Christine A. Hoffman, Acting Gloucester County Prosecutor, attorney; Douglas B. Pagenkopf, on the briefs).

D. Ryan Nussey argued the cause for respondent (Klineburger and Nussey, attorneys; D. Ryan Nussey and Carolyn G. Labin, on the brief).

The opinion of the court was delivered by

VERNOIA, J.A.D.

The State appeals from a Family Part order denying its motion for forfeiture of defendant W.C.'s firearms, initially seized pursuant to a temporary domestic violence restraining order (TRO) entered in response to a complaint filed by his wife, E.C. (Emma), pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35.[1] The State contends the court erred because defendant was disqualified from owning or possessing weapons or holding a firearms purchaser identification card under N.J.S.A. 2C:25-29(b) for two years following entry of a final restraining order (FRO) on Emma's complaint, and, as a result, the State was entitled to forfeiture pursuant to N.J.S.A. 2C:25-21(d)(3). Unpersuaded by the State's argument, we affirm.

I.

On May 6, 2020, Emma filed a complaint seeking a domestic violence restraining order against defendant. The complaint alleged defendant committed the predicate act of harassment, N.J.S.A. 2C:33-4, under the PDVA, N.J.S.A. 2C:25-19(a)(13), by standing outside Emma's home while "holding a sign directed toward the [parties' children] saying that [defendant] loves them,"

---

[1] We employ initials and pseudonyms for ease of reference and because the identities of alleged victims of domestic violence are excluded from public access. R. 1:38-3(d)(10).

and that, when Emma went outside, she and defendant "got into an argument."[2] The court entered a TRO, and police seized firearms belonging to defendant and delivered them to the Gloucester County Prosecutor's Office.[3]

At a May 19, 2020 trial on Emma's request for an FRO, defendant claimed he had first been advised of the trial earlier in the day, and he requested an adjournment to obtain counsel. The court denied the request, finding defendant made it too late and the matter could not be delayed because defendant was delinquent in his payment of child support. The court held the trial and entered an FRO against defendant.[4]

Defendant obtained counsel, who moved for reconsideration of the FRO, an order vacating the FRO, and a new trial. In support of the motion, defendant asserted he had not received timely notice of the trial and the court erred by denying his request to adjourn the trial so he could obtain counsel.

---

[2]  The complaint alleged defendant's aunt was present and also held a sign. The complaint further generally alleged a "history [of] domestic violence, TRO[s,] and other issues including theft . . . [and] refusal [to] pay child support."

[3]  A Gloucester County Prosecutor's Office's evidence receipt shows seventeen firearms were seized pursuant to the TRO.

[4]  The record on appeal includes the TRO entered by the court but does not include the FRO.

The record presented on appeal does not include a transcript of any proceedings directly addressing defendant's motion or an order disposing of his requests for reconsideration and a new trial. Nonetheless, it is undisputed that the same judge who conducted the first trial granted defendant's requests for reconsideration and a new trial. On June 18, 2020, the judge conducted a second trial on Emma's domestic violence complaint and request for an FRO. Counsel represented defendant at the trial, and Emma appeared pro se. After presentation of evidence by both parties, the judge determined Emma failed to present sufficient evidence supporting the requested FRO. The judge entered a June 18, 2020 order vacating the May 19, 2020 FRO and dismissing Emma's complaint.

On the day prior to the second trial, the State filed a motion in the Family Part for forfeiture of the weapons that were seized following entry of the TRO. In support of its motion, the State relied on the certification of a Special Deputy Attorney General and Acting Assistant Prosecutor of the Gloucester County Prosecutor's Office. The certification noted the entry of the TRO and FRO, and the seizure of the weapons following the entry of the TRO. The State sought "an order forfeiting those weapons, denying authorization to purchase firearms[,] and prohibiting [d]efendant's future acquisition of any permit or authorization to carry or purchase same." The certification claimed

"[d]efendant may not be eligible to receive a [p]ermit to [p]urchase a handgun or a [f]irearms [p]urchaser [i]dentification [c]ard, pursuant to" N.J.S.A. 2C:58-3(c)(5) because defendant's "possession of a firearm would not be in the interest of public health, safety[,] or welfare."

Defendant cross moved for denial of the State's application and an order directing the return of his firearms. In his supporting certification, defendant explained he received late notice of the initial trial, and he appeared at trial and requested an adjournment to obtain an attorney. He further explained the court denied his adjournment request, an FRO was entered, and he filed a motion to vacate the FRO and for a new trial. Defendant stated the court held a second trial and "found no basis for the" FRO. Defendant asserted there was "no reason for [a] weapon forfeiture" and requested the return of his weapons.

The State's forfeiture motion was assigned to a different judge than the one who presided over the trials on Emma's PDVA complaint. At a July 31, 2020 hearing on the State's forfeiture motion, defendant argued the grant of his reconsideration motion and the vacation of the FRO established that the FRO was improvidently granted in the first instance and therefore the FRO could not support the requested forfeiture of his weapons under the PDVA. The hearing on the State's motion was adjourned to permit the parties to review and

A-0800-20

present the court with the transcripts from the proceedings before the Family Part on Emma's PDVA complaint against defendant.

The court later heard additional argument on the State's forfeiture motion. The State did not assert, as it had in its supporting certification, that it was entitled to forfeiture of the weapons under N.J.S.A. 2C:25-21(d)(3) because the issuance of a permit to purchase a handgun or a firearms purchaser identification card to defendant "would not be in the interest of the public health, safety[,] or welfare" under N.J.S.A. 2C:58-3(c)(5).[5] Instead, the State argued only that it was entitled to forfeiture because N.J.S.A. 2C:25-29(b) barred the return of defendant's weapons for the two-year period following entry of the May 19, 2020 FRO. The State contended it was therefore entitled to forfeiture under N.J.S.A. 2C:25-21(d)(3) because N.J.S.A. 2C:25-29(b)'s two-year bar disqualified defendant from possessing or owning a firearm under N.J.S.A. 2C:58-3(c)(6).[6] In response, defendant asserted N.J.S.A. 2C:25-

---

[5] In support of its forfeiture motion, the State also did not present any evidence that issuance of a handgun purchase permit or firearms purchaser identification card to defendant "would not be in the interest of the public health, safety or welfare" under N.J.S.A. 2C:58-3(c)(5).

[6] We recognize N.J.S.A. 2C:25-29(b) provides that restraining orders issued under the PDVA shall prohibit the ownership, possession, or control of a firearm or the receipt or retention of a firearms purchaser identification card or permit to purchase a handgun "during the period in which the restraining order is in effect or two years, whichever is greater," and thus may result in a bar

29(b)'s two-year bar was inapplicable because the court vacated the FRO after determining the FRO was improvidently granted.

The court rejected the State's argument, finding N.J.S.A. 2C:25-29(b) did not bar the return of defendant's weapons because the FRO the State relied on to support the two-year bar under the statute had been improvidently granted and was vacated on that basis. The court entered an order denying the State's forfeiture motion and directing the State to return defendant's weapons. This appeal followed.[7]

On appeal, the State offers the following argument for our consideration:

> POINT I
>
> THE TRIAL JUDGE ERRED BY DENYING THE STATE'S MOTION FOR WEAPONS FORFEITURE BECAUSE THE DEFENDANT IS BARRED FROM POSSESSING ANY WEAPONS UNDER N.J.S.A. 2C:25-29[(b)].

II.

The interpretation of a statute presents a legal issue we review de novo. State v. Morrison, 227 N.J. 295, 308 (2016). Our goal in interpreting a statute

_____

much longer than two years. We refer to a "two-year bar" under the circumstances presented here because the FRO was vacated shortly after it was granted and, as such, two years following the issuance of the FRO is the "greater" of the time periods referred to in the statute.

[7] The State sought a stay pending appeal of the court's order. We denied the request in a December 23, 2020 order.

"is to give effect to the intent of the Legislature." Ibid. (quoting Maeker v. Ross, 219 N.J. 565, 575 (2014)). "[G]enerally, the best indicator of that intent is the statutory language," DiProspero v. Penn, 183 N.J. 477, 492 (2005), and "[w]e ascribe to the statutory words their ordinary meaning and significance, and read them in context with related provisions so as to give sense to the legislation as a whole," ibid. (citations omitted). However, "we must construe the statute sensibly and consistent with the objectives that the Legislature sought to achieve." Morrison, 227 N.J. at 308 (quoting Nicholas v. Mynster, 213 N.J. 463, 480 (2013)). "We will not adopt an interpretation of the statutory language that leads to an absurd result or one that is distinctly at odds with the public-policy objectives of a statutory scheme." Ibid. "It is axiomatic that a statute will not be construed to lead to absurd results. All rules of construction are subordinate to that obvious proposition." State v. Provenzano, 34 N.J. 318, 322 (1961).

The PDVA "is intended 'to assure the victims of domestic violence the maximum protection from abuse the law can provide.'" In re Forfeiture of Pers. Weapons & Firearms Identification Card Belonging to F.M., 225 N.J. 487, 509 (2016) (quoting N.J.S.A. 2C:25-18). "Because the presence of weapons can heighten the risk of harm in an incident of domestic violence, the [PDVA] contains detailed provisions with respect to weapons." State v.

8

Harris, 211 N.J. 566, 579 (2012).  For example, the PDVA provides that law enforcement officers "who [have] probable cause to believe that an act of domestic violence has been committed shall . . . seize any weapon" the officer observes or learns is on the premises "that the officer reasonably believes would expose the victim to a risk of serious bodily injury."  N.J.S.A. 2C:25-21(d)(1)(b).  The PDVA further authorizes a court to order, as a condition of a TRO, "the search for and seizure of any [firearm or other] weapon at any location where the [court] has reasonable cause to believe [a] weapon is located and the seizure of any firearms purchaser identification card or permit to purchase a handgun issued to [the] defendant."  N.J.S.A. 2C:25-28(j).  Where firearms, a firearms purchaser identification card, or a permit to purchase a firearm are seized pursuant to the PDVA, they must be "inventoried and turned over to the county prosecutor."  In re F.M., 225 N.J. at 510 (citing N.J.S.A. 2C:25-21(d)(2)).

The PDVA also provides for the return of seized weapons, cards, and permits, as well as for the forfeiture of the weapons and revocation of "all permits, licenses[,] and other authorizations for the use, possession, or ownership of such weapons."  N.J.S.A. 2C:25-21(d)(3).  "[A]ll weapons and any firearms cards seized under the [PDVA] must be returned to the owner within forty-five days unless the prosecutor, within that period,

petitions . . . the Family Part to obtain title to the weapons or to revoke any permits for their possession[,] on notice to the owner." State ex rel. C.L.H.'s Weapons, 443 N.J. Super. 48, 59 (App. Div. 2015) (citing N.J.S.A. 2C:25-21(d)(3)).

N.J.S.A. 2C:25-21(d)(3) requires the return of seized weapons, firearms purchaser identification cards, and "any authorization papers relating to the seized weapons"

> [i]f the court determines the owner is not subject to any of the disabilities set forth in N.J.S.A. 2C:58-3(c) and finds that the complaint has been dismissed at the request of the complainant and the prosecutor determines that there is insufficient probable cause to indict; or if the defendant is found not guilty of the charges; or if the court determines that the domestic violence situation no longer exists.
>
> [In re F.M., 225 N.J. at 510 (quoting N.J.S.A. 2C:25-21(d)(3))].

"The term 'complaint' in [N.J.S.A. 2C:25-21(d)(3)] . . . refers to a criminal, not a domestic violence, complaint." M.S. v. Millburn Police Dep't, 197 N.J. 236, 248 (2008). Here, defendant was not charged in a complaint alleging a criminal or disorderly persons offense. Concomitantly, there was no complaint to be dismissed, and no finding of guilt on any charges. There is also no evidence the prosecutor sought an indictment against defendant.

A-0800-20

The record shows only that Emma filed a civil domestic violence complaint against defendant that the court dismissed following the second trial. See ibid. (explaining "[a] domestic violence complaint is civil in nature"). We infer from the court's determination that Emma did not establish by a preponderance of the evidence either that defendant committed a predicate act of domestic violence under the PDVA, N.J.S.A. 2C:25-19(a)(1) to (19), that a restraining order was necessary to protect Emma from future acts of domestic violence, or both.[8] See Silver, 387 N.J. Super. at 125-27 (explaining the two-prong standard for issuance of an FRO under the PDVA). In any event, the court found Emma failed to prove she was entitled to relief under the PDVA, and, in our view, the court's conclusion constitutes an implicit determination under N.J.S.A. 2C:25-21(d)(3) that Emma did not establish a "domestic violence situation" under the PDVA existed.

---

[8] In his decision following the second trial on Emma's domestic violence complaint, the Family Part judge did not make detailed findings of fact or conclusions of law, see R. 1:7-4(a), as to whether defendant committed the predicate act of harassment, N.J.S.A. 2C:33-4, as alleged in the complaint or whether an FRO was required to protect Emma against future acts of alleged domestic violence, see Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006). In conclusory fashion, the court simply explained that based on the evidence presented, it "[had] to dismiss the restraining order." There is no indication in the record that Emma appealed from the court's order vacating the FRO and dismissing her complaint.

A-0800-20

The court's finding, however, did not require the return of defendant's firearms under N.J.S.A. 2C:25-21(d)(3). Although a literal reading of the statute suggests a defendant is entitled to the return of seized weapons, permits, and firearms purchaser identification cards where a domestic violence action is resolved in his or her favor, that is not the case. Notwithstanding the dismissal of a PDVA complaint, the State is entitled to forfeiture of seized weapons, permits, and firearms purchaser identification cards under N.J.S.A. 2C:25-21(d)(3) where it shows the defendant falls "within any of the disability categories of N.J.S.A. 2C:58-3(c)." M.S., 197 N.J. at 248; see also In re F.M., 225 N.J. at 510-11. For example, in In re Return of Weapons to J.W.D., the Court held the State is entitled to forfeiture of weapons and a firearms purchaser identification card under the PDVA, "even after the dismissal of [a domestic violence] complaint, if the court finds that the defendant" is disqualified from holding a firearms purchaser identification card or permit to purchase a handgun under N.J.S.A. 2C:58-3(c)(5) because he or she "poses a threat to public health, safety, or welfare." 149 N.J. 108, 116 (1997); see also N.J.S.A. 2C:58-3(f) (providing a firearms purchaser identification card shall become void when "the holder becomes subject to any of the disabilities set forth in" N.J.S.A. 2C:58-3(c)).

12

Here, the State first moved for forfeiture of defendant's weapons based on a claim he is subject to a disability under N.J.S.A. 2C:58-3(c)(5), but it abandoned the claim before the motion court and does not assert it on appeal.[9] The State argued before the trial court, and argues again on appeal, only that defendant must forfeit his weapons under N.J.S.A. 2C:25-21(d)(3) because he is subject to the disability set forth in N.J.S.A. 2C:58-3(c)(6). The statute provides that a handgun purchase permit or firearms purchaser identification card shall not be issued "[t]o any person who is subject to a restraining order

---

[9] The State also does not argue it is entitled to forfeiture of the seized weapons under N.J.S.A. 2C:58-3(c)(8), which prohibits issuance of a handgun purchase permit or firearms purchaser identification card "[t]o any person whose firearm is seized pursuant to the [PDVA] and whose firearm has not been returned." In M.S., the Court held that N.J.S.A. 2C:58-3(c)(8) applies "[o]nly when a person's firearm is seized pursuant to the [PDVA] and 'has not been returned' for a reason articulated in . . . N.J.S.A. 2C:25-21(d)(3)." 197 N.J. at 251 (quoting N.J.S.A. 2C:58-3(c)(8)). Thus, to rely on N.J.S.A. 2C:58-3(c)(8) in support of a forfeiture motion, the State must establish the defendant is not entitled to a return of his or her weapons because he or she otherwise is subject to a disability under N.J.S.A. 2C:58-3(c). Id. at 251-52. As the Court explained, "[a] commonsense reading of [N.J.S.A. 2C:58-3(c)(8)] requires that [its] bar to the issuance of a firearms card be due to some fault of" the individual whose weapons were seized. Id. at 251. Here, the State presented no evidence of any fault attributable to defendant supporting forfeiture of his weapons under N.J.S.A. 2C:25-21(d). And, for the reasons we explain, the motion court correctly denied the State's forfeiture motion because the State failed to establish defendant is subject to any other disability under N.J.S.A. 2C:58-3(c). See generally M.S., 197 N.J. at 251; see also In re F.M., 225 N.J. at 510-11; N.J.S.A. 2C:25-21(d).

issued pursuant to the [PDVA] prohibiting the person from possessing any firearm." N.J.S.A. 2C:58-3(c)(6).

The State acknowledges that prior to the hearing on its forfeiture request, the court granted defendant's motion for reconsideration of the FRO, held a second trial on Emma's complaint, vacated the FRO, and dismissed Emma's complaint. Nonetheless, the State argues defendant has a "disability" under N.J.S.A. 2C:58-3(c)(6) because he is "subject to" the FRO by virtue of the mandatory two-year bar on the possession of firearms under N.J.S.A. 2C:25-29(b).

The statute provides that

> any restraining order issued by the court [under the PDVA] shall bar the defendant from purchasing, owning, possessing[,] or controlling a firearm and from receiving or retaining a firearms purchaser identification card or permit to purchase a handgun pursuant to [N.J.S.A. 2C:58-3] during the period in which the restraining order is in effect or two years, whichever is greater.
>
> [N.J.S.A. 2C:25-29(b)].

The State contends that although the FRO was vacated by the court following the second trial, N.J.S.A. 2C:25-29(b) barred defendant's possession of a firearm for a minimum of two years following entry of the May 19, 2020

14

FRO.[10]  The State argues that when the court decided the forfeiture motion, defendant was "subject to" an order—the FRO—entered under the PDVA, that, by virtue of N.J.S.A. 2C:25-29(b)'s two-year bar, disqualified defendant from possessing a weapon or firearms purchaser identification card under N.J.S.A. 2C:58-3(c)(6).  The State reasons defendant is therefore subject to a disability under N.J.S.A. 2C:58-3(c)(6), and, as a result, it is entitled under N.J.S.A. 2C:25-21(d)(3) to forfeiture of the seized weapons.  See In re F.M., 225 N.J. at 510-11 (explaining the State is entitled to forfeiture of weapons seized pursuant to the PDVA where a defendant suffers from a "disabilit[y]" under N.J.S.A. 2C:58-3(c)); see also M.S., 197 N.J. at 248 (same).

The State's claimed entitlement to forfeiture rests solely on a literal interpretation of N.J.S.A. 2C:25-29(b) that, in our view, leads to an absurd

_____

[10]  Although N.J.S.A. 2C:25-29(b) refers to "any restraining order," the State does not rely on the TRO as a basis for its claimed entitlement to forfeiture. To the contrary, the State asserts the reference to "any restraining order" in the statute applies solely to an FRO issued after notice to a defendant in a PDVA action and a trial on the merits of a PDVA complaint.  Based on the State's position and the arguments presented, we decide only whether the FRO relied upon by the State supports its forfeiture claim under N.J.S.A. 2C:25-21(d)(3). We note, however, the Senate and Assembly committee statements accompanying the adoption of the N.J.S.A. 2C:25-29(b) bar provide that the statute, L. 2003, c. 277, § 2, "require[s] that any permanent domestic violence restraining order" include a bar to a defendant's ownership, possession, or control of a firearm, and to the defendant's receipt of a firearm purchase permit and firearms purchaser identification card.  S. Judiciary Comm. Statement to S. 483, at 1 (Nov. 24, 2003); A. Law & Pub. Safety Comm. Statement to A. 276, at 1 (Dec. 11, 2003).

result.  The logic underlying the State's position is simple, but flawed.  It claims N.J.S.A. 2C:25-29(b) is mandatory because the statute provides that an FRO "shall bar the defendant from . . . possessing . . . a firearm . . . during the period in which the restraining order is in effect or two years, whichever is greater."  The State argues that because the court entered an FRO following the first trial, N.J.S.A. 2C:25-29(b) mandates a minimum two-year bar to defendant's possession of firearms that constitutes a disability under N.J.S.A. 2C:58-3(c)(6).  The State contends the alleged disability requires forfeiture under N.J.S.A. 2C:21-25(d)(3).[11]  The State also contends N.J.S.A. 2C:25-29(b) provides no exception for FROs that are later vacated, and the mandatory bar requires a finding defendant "is subject to a restraining order pursuant to the [PDVA] prohibiting [him] from possessing any firearm" under N.J.S.A. 2C:58-3(c)(6).

We reject the literal interpretation of N.J.S.A. 2C:25-29(b) urged by the State because it cannot be logically reconciled with the PDVA's legislative

---

[11]  As noted, the State did not provide the FRO in the record on appeal.  See R. 2:6-1(a)(1)(I) (requiring provision of "such . . . parts of the record . . . as are essential to the proper consideration of the issues" in the appendix on appeal). We therefore are not able to determine as a matter of fact whether the FRO actually ordered the two-year bar required under N.J.S.A. 2C:25-29(b).  In any event, because we conclude that inclusion of the two-year bar in the FRO would not require or permit the forfeiture of defendant's weapons under the circumstances, it is unnecessary to review the FRO entered by the court.

scheme. The two-year bar is incorporated in a broader statutory provision explaining that "[i]n proceedings in which complaints for restraining orders have been filed, the court shall grant any relief necessary to prevent further abuse." N.J.S.A. 2C:25-29(b). Under the statute, the two-year bar is required "[i]n addition to any other provisions," as an important form of relief, or remedy, to prevent further domestic violence. Ibid.

Here, the record lacks any evidence there was domestic violence under the PDVA requiring a remedy. Indeed, that is precisely what the court determined following the second trial, finding Emma was not a victim of domestic violence requiring protection under the PDVA. That finding, and the court's decision to vacate the FRO, rendered Emma a plaintiff without any entitlement to a remedy under the PDVA.[12] Application of the two-year bar is

---

[12] That is not to say the State could not have obtained forfeiture under N.J.S.A. 2C:25-21(d)(3) based on disabilities under N.J.S.A. 2C:58-3(c). See generally In re F.M., 225 N.J. at 510-11; M.S., 197 N.J. at 251; see also J.W.D., 149 N.J. at 116 (permitting forfeiture following dismissal of a PDVA complaint based on proof of a disability under N.J.S.A. 2C:58-3(c)(5)). Here, however, the State sought forfeiture solely based on its assertion defendant was subject to a disability under N.J.S.A. 2C:58-3(c)(6), and that assertion rests exclusively on the contention that the FRO, through its alleged incorporation of N.J.S.A. 2C:25-29(b)'s two-year bar, prohibited defendant's possession of any firearm. As we explain, the claim fails because the FRO was vacated following the court's grant of defendant's motion for reconsideration and determination following trial that Emma was not a victim of domestic violence requiring the protection of a restraining order, or any other remedy, under the PDVA.

wholly inconsistent with the purpose of N.J.S.A. 2C:25-29(b)—provision of a remedy to prevent further domestic violence—where the court reconsidered its initial imposition of the FRO, determined it should not have been issued in the first instance, and found after a retrial that there was no domestic violence under the PDVA requiring a remedy. We will not interpret the statute and apply the N.J.S.A. 2C:25-29(b) bar to permit such an absurd and illogical result.

The FRO, which was later vacated, does not support the two-year bar under N.J.S.A. 2C:25-29(b) relied on by the State as the sole basis for its claim defendant suffered from a disability under N.J.S.A. 2C:58-3(c)(6). The State's argument to the contrary ignores the obvious. Following vacation of the FRO under the circumstances presented here, defendant was no longer "subject to a restraining order issued pursuant to the [PDVA] prohibiting [him] from possessing any firearm," N.J.S.A. 2C:58-3(c)(6), and the vacated FRO could not logically support continuation of the bar.

The court's dismissal of the PDVA complaint against defendant following a retrial on the merits also constituted a determination that defendant lacked any fault permitting a forfeiture of weapons under N.J.S.A. 2C:25-21(d)(3), see M.S., 197 N.J. at 251, and the State otherwise failed to present any evidence that issuance of a handgun purchase permit or firearms purchaser

identification card "would not be in the interest of the public health, safety[,] or welfare" under the disability in N.J.S.A. 2C:58-3(c)(5), see, e.g., J.W.D., 149 N.J. at 116. In sum, following the dismissal of Emma's complaint at the second trial, there was no basis in law or fact for the remedy—the two-year bar—otherwise mandated by N.J.S.A. 2C:29-2(b). The State's argument that a literal interpretation of the statute requires a contrary result is wholly inconsistent with the Legislative scheme requiring a two-year bar as a remedy where an FRO is issued pursuant to the PDVA. Lacking a properly issued FRO, there is no need for any remedy under the PDVA, including the two-year bar, here.

At oral argument, the State conceded that, even under its interpretation of N.J.S.A. 2C:25-29(b), an FRO that is invalidly entered does not support a finding of a disability under N.J.S.A. 2C:58-3(c)(6). The State, however, argues that is not the case here because the court did not make an express finding the FRO was void ab initio or that it vacated the FRO nunc pro tunc. The State thus contends the FRO, despite its vacation by the court, mandated imposition of the two-year bar under N.J.S.A. 2C:25-29(b) and resulted in a disability under N.J.S.A. 2C:58-3(c)(6) requiring forfeiture of defendant's weapons under N.J.S.A. 2C:25-21(d)(3).

19

The State's argument ignores what occurred before the court on Emma's complaint. Although the record is sparse, it is clear the court granted defendant's motion for reconsideration of its decisions denying defendant's request for an adjournment to obtain counsel and granting the FRO. Even in the absence of detailed findings by the court, we can reasonably infer the court granted the reconsideration motion because it "expressed its decision [on the FRO] based upon a palpably incorrect or irrational basis, or . . . it [was] obvious that [it] either did not consider, or failed to appreciate the significance of probative, competent evidence." Guido v. Duane Morris LLP, 202 N.J. 79, 87-88 (2010). In other words, the court determined it erred by entering the FRO in the first instance.[13] The court held a second trial on Emma's complaint

---

[13] Defendant's reconsideration motion was founded on claims the court erred by denying his motion for an adjournment to allow him to obtain counsel and because he received late notice of the trial. Denial of a defendant's right to counsel in a PDVA hearing or of an adequate opportunity to prepare for a hearing deprives the defendant of his or her fundamental right to due process guaranteed under the Fourteenth Amendment to the United States Constitution and Article 1, paragraph 1, of the New Jersey Constitution. See H.E.S. v. J.C.S., 175 N.J. 309, 321 (2003) (explaining a due process violation occurs where a defendant in a PDVA matter is not provided an adequate opportunity to prepare for a hearing); see also D.N. v. K.M., 429 N.J. Super. 592, 606 (App. Div. 2013) (finding due process in domestic violence matters "include[s] the opportunity to seek legal representation, if requested"). Based on the record presented, it can also be reasonably inferred the court vacated the FRO and held a second trial based on a more precise determination that its denial of defendant's request for an adjournment of the first trial deprived defendant of his due process rights.

as a result. Such an FRO, once vacated, did not support a mandatory two-year bar under N.J.S.A. 2C:25-29(b), and, contrary to the State's contention, an FRO entered in error and then vacated cannot, by itself, result in a disability under N.J.S.A. 2C:58-3(c)(6) permitting or requiring forfeiture under N.J.S.A. 2C:25-21(d)(3).

Our decision is limited to the singular argument the State presents in support of its appeal. We hold only that the State's reliance on N.J.S.A. 2C:25-29(b) as the basis for defendant's alleged disability under N.J.S.A. 2C:58-3(c)(6) is not supported by the evidence because the court determined the FRO was entered in error and vacated the FRO as a result.[14] We do not address, decide, or offer an opinion on any other issues concerning the

---

[14] We recognize that because N.J.S.A. 2C:25-29(b) provides a bar "during the period in which the restraining order is in effect or two years, whichever is greater," the statute contemplates the bar remaining in effect after a restraining order is vacated. For example, under N.J.S.A. 2C:25-29(b), an FRO entered on February 1, 2021, shall include a bar for two years or during the pendency of the FRO, whichever is greater. If the plaintiff's request to vacate the FRO and dismiss the complaint is granted on March 1, 2021, N.J.S.A. 2C:25-29(b) clearly requires that the bar continue until January 31, 2023. We offer no opinion on whether, following a voluntary dismissal of the FRO, the prosecutor could seek a permanent forfeiture under N.J.S.A. 2C:25-21(d)(3) during whatever time remained of N.J.S.A. 2C:25-29(b)'s two-year bar based solely on the disability set forth in N.J.S.A. 2C:58-3(c)(6). That situation is not before us. We decide only that where the court determines an FRO was entered in error in the first instance and vacates the FRO as a result, the mandatory bar applicable to FROs under N.J.S.A. 2C:25-29(b) does not result in a disability under N.J.S.A. 2C:58-3(c)(6) permitting forfeiture under N.J.S.A. 2C:25-21(d)(3).

circumstances, if any, under which an order entered pursuant to N.J.S.A. 2C:25-29(b) may or may not result in a disability under N.J.S.A. 2C:58-3(c)(6) or any other subsection of N.J.S.A. 2C:58-3(c). The parties have not presented any arguments concerning such issues, and we limit our decision only to the arguments presented and addressed by the parties. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("[I]ssues not briefed on appeal [are] deemed waived.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

22                                                    A-0800-20